United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESUS ALBERTO LUA SOSA, §
§
Petitioner, §
§
VS. § CIVIL ACTION NO. 4:26-CV-02210
§
BRETT A. BRADFORD, *et al.*, §
§
Respondents. §

## ORDER OF DISMISSAL

The petitioner, Jesus Alberto Lua Sosa, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who does not have lawful status in the United States and entered the United States without inspection

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

more than 12 years ago.  Doc. No. 1 at 8.  Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026).  Likewise, his arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because, among other things, they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, at *8-12, *appeal pending sub nom. Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044 (9th Cir. Mar. 6, 2026) (temporarily staying the declaratory judgment insofar as it extends beyond the Central District of California pending a ruling on the motion to stay).

In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____ 25th _____ day of March 2026.

ANDREW S. HANEN

UNITED STATES DISTRICT JUDGE